NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, MERRIT GRAHAM LODGE NO. 1871, Respondent.

No. 768, Docket 77–4202.

United States Court of Appeals, Second Circuit.

Argued March 30, 1978.
Decided April 17, 1978.

---

Jesse I. Etelson, Washington, D. C. (N.L.R.B., John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John G. Elligers, Atty., Washington, D. C., of counsel), for petitioner.

Stephen Lichatin III, Warwick, R. I. (Breslin, Sweeney & Gordon, David F. Sweeney, Warwick, R. I., of counsel), for respondent.

Before FEINBERG, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

The National Labor Relations Board applies for enforcement of its order against the International Association of Machinists and Aerospace Workers, Merrit Graham Lodge No. 1871 (the Union) for levying $500 fines upon 26 employees for resigning from the Union. The resignations had occurred while the Union was on strike against General Dynamics Corporation, Electric Boat Division. Although the 26 employees returned to work after their resignations and during the strike, it is stipulated that the fines were imposed "solely for the . . . acts of resignation." The Board held that the fines violated section 8(b)(1)(A) of the National Labor Relations Act, 29 U.S.C. § 158(b)(1)(A), and entered an order which not only contained the usual cease and desist provisions but also required the Union to rescind or refund the fines.

Section 8(b)(1)(A) protects employee rights guaranteed by section 7 of the Act, 29 U.S.C. § 157, including the right to refrain from such concerted activities as union membership, and its corollary, the right to resign membership in a union. See

NLRB v. Granite State Joint Board, Textile Workers Local 1029, 409 U.S. 213, 216–18, 93 S.Ct. 385, 34 L.Ed.2d 422 (1972); NLRB v. Martin A. Gleason, Inc., 534 F.2d 466, 476 (2d Cir. 1976). However, it does not necessarily follow that employees may not voluntarily agree with their union to place conditions on the right to resign, either by rule or by constitutional provision. In a case involving this very union, the Court expressly left open "the question of the extent to which contractual restriction on a member's right to resign may be limited by the Act." Booster Lodge No. 405, IAM v. NLRB, 412 U.S. 84, 88, 93 S.Ct. 1961, 1964, 36 L.Ed.2d 764 (1973). The Court implied that this difficult question would be faced only if employees clearly "knew of or had consented to any limitation on their right to resign . . .." Id. at 88–89, 93 S.Ct. at 1964.

There was no such knowledge or consent here. The Union argues that any reasonable union member would know that the act of resigning during a strike would injure the Union and would call for sanctions. However, the Supreme Court cases cited above proceed on a different premise, and the Board in this case justifiably found that nothing in the Union's constitution unmistakably gave employees notice that midstrike resignation could result in fines. If anything, the Union constitution implicitly recognized the right to resign without sanction by specifically referring to a member's obligation *after resigning* not to return to work during a strike. Other provisions of the constitution, e. g., sanctions for "other conduct unbecoming a member" of the Union, were too vague to limit the right to resign. Under the circumstances, we need not grapple with the significant issue of whether a rule clearly limiting a member's right to resign would violate the Act.[1] See Wellington, Union Fines and Workers' Rights, 85 Yale L.J. 1022, 1040–59 (1976).

The order of the Board is enforced.

---

1. Since the question posed here is the lawfulness of imposing the fine and not the reasonableness of an otherwise lawful fine, there is no merit to respondent's contention that the NLRB had no jurisdiction to find an unlawful labor practice here. Compare *NLRB v. Boeing Co.*, 412 U.S. 67, 93 S.Ct. 1952, 36 L.Ed.2d 752 (1973) with *Booster Lodge No. 405, IAM v. NLRB,* supra.